UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **IN RE: STEPHEN RODRIGUE,** ) <br> Owner of the recreational vessel ) <br> the EMILISE, a 33-foot Grady White, ) <br> Hull Identification #NTLEX3091718, ) <br> USCG Official #1300088, ) <br> her engines, tackle, apparel, ) <br> appurtenances, fittings, etc., ) <br> ) <br> For Exoneration from ) <br> and/or Limitation of Liability, ) <br> ) <br> Plaintiff ) | No. 2:24-cv-00433-SDN |

**ORDER DIRECTING ISSUANCE OF NOTICE AND
RESTRAINING PROSECUTION OF CLAIMS**

Stephen Rodrigue, the Plaintiff and owner of the recreational vessel the EMILISE, a 33-foot Grady White, Hull Identification #NTLEX3091718, USCG Official #1300088, her engines, tackle, apparel, appurtenances, fittings, etc. (the "Vessel"), claims exoneration from or limitation of liability, as provided for in Rule F of the Supplemental Rules of the Federal Rules of Civil Procedure and 46 U.S.C. §§ 30501-30530, for all losses, damages, injuries, or destruction allegedly resulting from a collision involving the Vessel that occurred during a voyage commencing and terminating on July 1, 2024, near and around Spring Point in Casco Bay, County of Cumberland, Maine, while returning to the Vessel's berth at Port Harbor Marine, South Portland, Maine (the "Voyage").  *See* Complaint (ECF No. 1).

The Plaintiff filed an affidavit and report from a marine surveyor averring that the Vessel's post-collision fair market value is $253,742.24, *see* Affidavit of Jonathan

1

Klopman (ECF No. 1-1), and a stipulation regarding security for the Plaintiff's interest in that value, with no pending freight, plus $1000.00 in costs, at a rate of 6% per year from December 9, 2024, *see* Stipulation Regarding Security (ECF No. 1-2).

I therefore **ORDER**, on the Plaintiff's motion (ECF No. 3), as follows:

1. The above-mentioned stipulation of security for the value of the Plaintiff's interest in the Vessel and costs, which provides security for the benefit of claimants, is accepted and approved as appropriate surety and security.

2. Any claimant who may properly become a party hereto may contest the value of the Plaintiff's interest the Vessel, and its pending freight, if any, as fixed in the above-mentioned stipulation regarding security, and may move the Court for due appraisal of said interest and may apply to increase or diminish the amount on determination by the Court of the value of said interest.

3. The Clerk's Office shall issue a notice advising and admonishing all persons asserting claims for any and all losses, damages, injuries, or destruction allegedly resulting from or incident to the occurrences recited in the complaint (the "Notice") to file their respective claims with the Clerk's Office, United States District Court, 156 Federal Street, Portland, ME, 04101, on or before January 27, 2025, and serve copies of the same on the Plaintiff's attorney, David S. Smith, Farrell Smith O'Connell Aarsheim Aprans LLP, 27 Congress Street, Suite 508, Salem, MA, 01970, and requiring any claimant who desires to contest the Plaintiff's exoneration from or limitation of liability to file and serve an answer to the complaint, unless their claim includes one.

4. The Plaintiff shall publish the Notice in *The Portland Press Herald* (Maine) once a week for four (4) successive weeks prior to January 27, 2025.

5. The Plaintiff shall mail a copy of the Notice to all known potential claimants no later than the day of its second publication.

6. The commencement or further prosecution of any actions or proceedings against the Plaintiff, his sureties, underwriters and insurers, or any of his property, including the Vessel, with respect to any claims arising out of or incident to any loss, damage, injury, or destruction allegedly resulting from the collision that occurred on the Voyage, are stayed and restrained until the determination of this proceeding for exoneration from or limitation of liability.

7. This Order may be served as a Restraining Order through the United States Post Office or by Federal Express by mailing a true and correct copy thereof to the person(s) to be restrained or their respective attorneys.

*SO ORDERED*.

*NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: December 19, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge